Matter of Miller (Mo Maier Ltd.) (2019 NY Slip Op 09069)





Matter of Miller (Mo Maier Ltd.)


2019 NY Slip Op 09069


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

528306

[*1]In the Matter of the Claim of Rosemary L. Miller, Claimant, Mo Maier Ltd. et al., Appellants, and State Insurance Fund et al., Respondents, et al., Respondent. Workers' Compensation Board, Respondent.

Calendar Date: November 20, 2019

Before: Clark, J.P., Mulvey, Devine and Pritzker, JJ.


Law Offices of John Wallace, Buffalo (William L. Sherlock of counsel), for appellants.
Law Offices of Melissa A. Day, PLLC, Amherst (James B. Cousins of counsel), for State Insurance Fund, respondent.
Williams & Williams, Buffalo (Jared L. Garlipp of counsel), for CNA Claims Plus, Inc., respondent.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed June 15, 2018, which ruled that Travelers Property & Casualty of America failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant's husband (hereinafter decedent) died in August 2012 and she thereafter applied for workers' compensation death benefits alleging that he died from mesothelioma due to asbestos exposure at work. Multiple potential liable employers and insurers were put on notice and controverted the claim. A Workers' Compensation Law Judge determined that decedent's death was a work-related injury and established the claim, that the proper employer was Mo Maier Ltd. and that Travelers Property & Casualty of America was the liable insurance carrier. On January 26, 2017, Travelers' counsel filed an application for review by the Workers' Compensation Board using the incorrect, former form RB-89. Travelers disputed that it was the proper carrier, contending that that there was no evidence of decedent's exposure to asbestos at the employer during the period that Travelers provided insurance coverage. Claimant and the State Insurance Fund filed rebuttals asserting, among other things, that Travelers' application was defective and should be denied under 12 NYCRR 300.13. Travelers filed a sur-rebuttal using the current form RB-89, arguing that its application for review should be reviewed upon the merits despite its failure to use the current form. The Board, with one judge dissenting, denied consideration of Travelers' application for review based upon its failure to utilize the correct form as required by 12 NYCRR 300.13 (b) (1). Following mandatory full Board review, the full Board affirmed the denial of consideration of the application for review. Travelers and Mo Maier Ltd. appeal.[FN1]
We affirm. We are unpersuaded by Travelers' contention that the Board abused its discretion in denying consideration of its application for review. Under the governing regulations, which were revised effective October 3, 2016, an application for Board review of a Workers' Compensation Law Judge's decision must be "in the format prescribed by the Chair [of the Board]" (12 NYCRR 300.13 [b] [1]). Where a party represented by counsel fails to comply with formatting and other submission requirements adopted by the Board, the Board may, in the exercise of its discretion, deny review of the application (see 12 NYCRR 300.13 [b] [4] [i]). As relevant here, the Chair designated form RB-89 (Application for Board Review), which was revised to conform with the new regulations, "as the prescribed format for applications [for review]" (Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]). On September 29, 2016, the Chair issued a bulletin, Subject No. 046-878, advising parties seeking Board review that they must use the revised form RB-89, that "[a]fter December 1, 2016, the Board will only accept the modified form[ ]" and that any applications for Board review "using the old form [RB-89]. . . will be denied."
The record reflects that Travelers, which was represented by counsel, failed to use the correct, current form RB-89 when it filed its application for Board review on January 26, 2017, almost two months after the published deadline for using the revised forms and four months after Subject No. 046-878 was issued. As Travelers' application was "clearly defective" in that it did not comply with the prescribed formatting, we cannot conclude that the Board abused its discretion in refusing to consider it, and perceive no basis upon which to disturb its decision (Matter of Waufle v Chittenden, 167 AD3d at 1136-1137; see 12 NYCRR 300.13 [b] [1]; [4] [b] [i]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258-1260 [2019]; Matter of Sweich v City of Lackawana, 174 AD3d 1001, 1005 [2019]; compare Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1575 [2018]).
Contrary to Travelers' contention, we do not find that the Board's advisory notice reflected in Subject No. 046-878 — that the revised forms were required after December 1, 2016 and that applications submitted thereafter on the outdated forms would be denied — conflicted with or undermined the Board's discretionary authority under 12 NYCRR 300.13 (b) (4) to determine whether to consider applications that do not comply with the prescribed formatting.[FN2] To that end, we are satisfied that the Board's decision here reflect its understanding that the regulations accord it discretion in determining whether to consider a defective application, as we have reiterated (see Matter of Perry v Main Bros Oil Co., 174 AD3d at 1259-1260; Matter of Waufle v Chittenden, 167 AD3d at 1136; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d at 1575).
Clark, J.P., Mulvey and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although the notice of appeal indicates that both Mo Maier Ltd. and Travelers are the appealing parties and their brief lists both as the appellants, the only issues raised therein pertain to whether Travelers' application for Board review should have been considered and whether it was the proper carrier.

Footnote 2: As Travelers did not raise this issue either in its sur-rebuttal to the Board or its application for full Board review, the Board cannot be faulted for not addressing this issue (see 12 NYCRR 300.13 [b] [2] [ii]). We address it to dispel any confusion.